1  Lowell W. Finson
   Elizabeth L. Dudley
2  PHILLIPS & ASSOCIATES
   20 E. Thomas, Suite 2600
3  Phoenix, Arizona 85012
   Telephone:   602-258-8900
4  Facsimile:   602-288-1632

5  *Attorneys for Plaintiffs*

6              **UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8  SUSAN B. HIRT AND EUGENE T. HIRT, )
   Wife and husband                 )   Case No. CV 09-2299-PHX-FJM
9              Plaintiffs,           )
                                     )
10       vs.                         )   **MOTION FOR STAY OF DISCOVERY**
                                     )   **AND CHANGE OF VENUE PURSUANT**
11 C.R. BARD, INC., a New Jersey     )   **TO 28 USC 1404(A)**
   corporation;                      )
12                                   )   Complaint Filed: Oct 9, 2009
            Defendant.               )   Maricopa County Superior Court
13                                   )
                                     )
14                                   )   Notice of Removal: Nov 11, 2009
                                     )
15 ─────────────────────────────────

16
17      COMES NOW the above mentioned plaintiffs, SUSAN B. HIRT AND EUGENE T.
18 HIRT, and move this Court for a Stay of Discovery and a Change of Venue pursuant to 28
19 USC 1404 (a). This case no longer has a substantial connection to Arizona (the Arizona
   corporate defendant having been dismissed).
20
21      A more appropriate venue is the Northern District of Georgia, Atlanta Division,
22 where Bard, the remaining defendant, maintains corporate offices and manufacturing
23 facilities. The division of Bard responsible for the design, manufacture, testing, and
   marketing of the Avaulta® vaginal mesh implantable devices (the complained of product in
24 this case) is the Bard Urological Division, located in Covington, Georgia, approximately 50
25 miles from Atlanta.
26
27
28

1    Other similar mesh cases are being transferred and/or consolidated in that district, all

2  as more fully set forth in the attached and incorporated Memorandum of Points and

3  Authorities.

4    RESPECTFULLY SUBMITTED this 12th day of April, 2010.

5

6

7                                         Lowell W. Finson

8                                         Elizabeth L. Dudley

9

10                                        *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**FACTS**

Plaintiffs filed their original Complaint in Superior Court of Arizona, against Bard Peripheral Vascular, Inc. (an Arizona corporation), Defendants Bard, Inc., and Davol, Inc (out of state corporations) for personal injuries caused by defendants vaginal mesh device, Avaulta® Anterior and Posterior Biosynthetic Support Systems, which were implanted to treat vaginal and pelvic floor organ prolapse.

Defendants Bard Peripheral Vascular, Inc. (an Arizona corporation), and Davol, Inc (an out of state corporation) were voluntarily dismissed as an unnecessary parties after conversations were held between the parties. Subsequently, the remaining Defendant Bard removed this case to this Court in November of 2009.

Defendant Bard is a New Jersey corporation, headquartered in Murray Hill, New Jersey. The division responsible for the design, manufacture, testing, and marketing of the Avaulta® devices is the Bard Urological Division, located in Covington, Georgia.

Plaintiffs are residents of Canada.

The implantation surgery was performed in Detroit, Michigan.

The corrective surgeries have all been performed in and around the Detroit, Michigan area.

Plaintiffs' healthcare providers are located in Michigan and Canada.

## ARGUMENT AND AUTHORITIES

**A.     Summary of the Argument in Support of Transfer**

Plaintiffs now believe that venue is proper in the Northern District of Georgia, Atlanta Division, where the design, testing, manufacturing, labeling, and marketing division for the Avaulta® vaginal mesh devices is located. Plaintiffs also believe that this District meets all of the requirements for transfer or Change of Venue under the statute, as set forth below.

Plaintiffs have the right to select venue when more than one venue is proper; and, in fact, plaintiffs wish to exercise that right which is condoned by both statutory and case law. Plaintiffs believe that defendant will not have any compelling arguments against litigating in its own forum, which is ostensibly "more convenient" to Bard and the witnesses from Bard.

**B.     The Standard of Review**

Atlanta, Georgia is approximately 50 miles from Covington, where the defendant Bard resides, maintaining its urological and vaginal mesh manufacturing, design, testing, and marketing headquarters. A transfer or change of venue lies within the sound discretion of the court and is to be exercised in light of the particular circumstances of the case. See *Adachi v. Carlyle/Galaxy San Pedro L.P.,* 595 F. Supp.2d 1147 (S.D. Cal. 2009). Still, in order to change venue, the court must consider the factors elucidated by 28 U.S.C. § 1404(a), which provides:

> "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The three factor analysis set forth in § 1404(a) to determine whether a change of venue is appropriate is: (1) whether the action could originally have been brought in the transferee jurisdiction; (2) the convenience of the parties and the witnesses; and (3) the interests of justice. See 28 U.S.C. § 1404(a).

**C.     Venue is Proper in the Northern District of Georgia, Atlanta Division, Defendant's Home Forum**

This action could have been originally filed in the Northern District of Georgia, Atlanta Division, because plaintiff, Susan Hirt, being an American citizen but residing in Canada, had a choice of venues when she originally filed her case. One of those choices was the Northern District of Georgia, Atlanta Division. This is the district where Defendant Bard Urological, located in Covington, Georgia, resides. This is the division that manufactures Bard Urological's Avaulta® Vaginal Mesh devices.

Here, venue is proper in Georgia because: (1) the action could have originally been brought in Georgia, the defendant's home forum; (2) a majority of the liability witnesses and

documents are located there; (3) the tortuous corporate decisions (including defective design, testing, manufacturing, and marketing decisions) occurred there; (4) defendant's urological division responsible for these devices is a corporate resident of Georgia; (5) plaintiffs agree to make themselves available for trial in Georgia; (6) Plaintiffs submit to Georgia's jurisdiction; (7) Bard Urological is registered to do business in Georgia; (8) Georgia would be convenient for all the parties, and a majority of the liability witnesses; and (9) it is in the interests of judicial economy for both parties to litigate in Georgia.

**1. Subject Matter Jurisdiction Exists in the Northern District of Georgia, Atlanta Division.**

The Northern District of Georgia has subject matter jurisdiction over this suit based on diversity of citizenship of the parties under 28 U.S.C. § 1332. The Plaintiffs are Canadian residents. Bard is a New Jersey Corporation, with its manufacturing, design, testing, and marketing headquarters for this device located in Covington, Georgia. The amount in controversy exceeds $75,000. Accordingly, the parties to this case are from different states, and the amount in controversy exceeds the amount that is required under 28 U.S.C. § 1332.

**2. Venue is Proper in the Northern District of Georgia, Atlanta Division.**

Venue is proper in any federal district where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). The plaintiffs are Canadian residents, and, based on information and belief, the event giving rise to their claims - the defective manufacturing, design, testing, warnings, and marketing decisions were all made in Georgia. The tortuous conduct originated in Georgia. Therefore, Georgia is the nidus of the corporate malfeasance. But for the negligence and strict liability of defendants, the device could have been implanted anywhere without consequences. Therefore, any argument that may be made for a different forum carries less weight when one considers the impact of the Georgia decision-making, testing, and manufacturing conduct.

**3. The Northern District of Georgia, Atlanta Division, has Personal Jurisdiction over the Parties.**

The Georgia "long-arm statute" allows a district court to exercise personal jurisdiction over any nonresident, such as C.R. Bard (New Jersey Corporation), or Bard Urological Division (registered to do business in Georgia and maintaining the vaginal mesh device manufacturing, design, testing, and marketing headquarters in Covington, Georgia). The "long arm statute" reaches any entities that: (1) transact business within the state; (2) committed tortuous acts or omissions within the state of Georgia; (3) committed tortuous injuries in this state caused by acts or omissions outside this state and the tort-feasor regularly does or solicits business, and derives substantial revenue from goods used, consumed, or services rendered in Georgia; (4) defendant owns, uses, or possesses any real property situated within this state. See Ga. Code Ann. § 9-10-91(1)-(4).

If venue is transferred pursuant to this request, plaintiffs will have submitted to the personal jurisdiction of the Northern District of Georgia as they were willing to submit, and did submit to the jurisdiction of the District of Arizona.

**D. Transfer of this Action to the Northern District of Georgia, Atlanta Division Serves the Convenience of the Parties and Witnesses.**

Some of the parties and witnesses will be inconvenienced whether the venue is the District of Arizona or the Northern District of Georgia, or any other district. Defendant's corporate representatives and witnesses from Bard Urological will not be inconvenienced if this case were venued in the Northern District of Georgia, Atlanta division. It is believed that a majority, if not all defendant's corporate representatives, manufacturing, design, testing, and marketing witnesses are located in the Northern District of Georgia, Newton County which is just outside of Atlanta, Georgia.

It is understood that plaintiffs' healthcare providers are all located in and around Detroit, Michigan and Windsor, Canada. Plaintiffs estimate that only a handful of healthcare providers will be deposed regarding their care and treatment.

The issue appears not to be a problem with the implantation of the mesh product in so far as the implanting surgeon was one of the doctors listed by Bard, on their website, as a trainer for other doctors for the proper use of these products.

The damages and the number of witnesses in support thereof, while important, do not compare with the anticipated number of liability witnesses, who will be the majority of the witnesses in the case. As such, it is anticipated that many corporate representatives from the defendant, along with their corresponding document files will be subpoenaed, discovered, and/or deposed in Georgia.

**E. The Interests of Justice Heavily Favor Transfer to the Northern District of Georgia, Atlanta Division.**

A state has a very strong interest in holding parties accountable for damages their products allegedly caused in that state. See *Lueck, et al. V. Sundstrand Corp.,* 236 F.3d 1137, 1147 (9th Cir.2001). It is believed that these defective vaginal mesh devices were manufactured, designed, tested, and the marketing strategies to promote them were developed in Georgia. Therefore, Georgia now has a far stronger interest than Arizona in deciding this controversy and holding parties accountable for damages their products allegedly caused in that state or others.

It has also come to the attention of the plaintiffs, since the filing of this case in Arizona, that other mesh cases (at least one at this time) involving this defendant are being transferred to and/or being consolidated into this district in Georgia and are assigned to one specific judge. As soon as plaintiffs have more information regarding that judge or division, that information will be supplied to this court.

As a result of that consolidation of cases, it would seem to make sense for all involved in similar cases to join in that consolidation effort saving time and money for all involved, including the court. The interests of justice would and should be satisfied with such a result.

//

//

## CONCLUSION

Plaintiffs have demonstrated that the Northern District of Georgia, Atlanta Division, would have jurisdiction over this suit, venue would be proper in the Northern District of Georgia, and the convenience of the parties and witnesses is equal to or superior to the District of Arizona. The interests of justice would be better served in the Northern District of Georgia.

For the foregoing reasons, Plaintiffs respectfully request that this case be transferred to the Northern District of Georgia for further proceedings.

Respectfully Submitted this 12th Day of April, 2010,

Lowell W. Finson
Elizabeth L. Dudley[Pro Hac Pending]

*Attorneys for Plaintiffs*

**ORIGINAL** transmitted electronically to the CM/ECF filing system this <u>19th</u> day of February, 2010, for filing and transmittal to the following parties via the CM/ECF system:

The Honorable Frederick J. Martone
**US DISTRICT COURT FOR THE DISTRICT OF ARIZONA**
401 West Washington
Phoenix, AZ 85003

Colin Theis
Michael Moeller
**SHOOK, HARDY & BACON, LLP**
2555 Grand Blvd.
Kansas City, MO 64108
*Attorneys for Defendants*

David M. Bell, Bar No. 006818
**DAVID BELL & ASSOCIATES, PLLC**
2020 North Central Avenue
Central Park Square, Suite 1100

1  Phoenix, Arizona 85004
   *Attorneys for Defendants*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28